(No. 4778

DUKE BOWDEN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1959.*

MURPHY AND HEIMDAL, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; SAMUEL J. DOY, Assistant Attorney General, for Respondent.

WHAM, J.

This is an action to recover $7,500.00 in damages for personal injuries sustained by claimant while assembling a desk in the office of the Illinois State Employment Service, Aurora, Illinois.

The evidence regarding the occurrence is conflicting on certain material points. However, it will not be necessary to consider the conflicts, since the evidence in its most favorable light from the standpoint of claimant precludes a recovery.

Claimant testified that, while he was awaiting assign-

ment to a "spot job" in the employment office, a steel desk was delivered. Roy Brown, a State employee, according to claimant, requested claimant and two other applicants to help carry the desk from the delivery truck into the office, which they did.

The desk was partially disassembled, and claimant and the two other men commenced assembling it. They had difficulty in joining the legs to the desk, and one of the men, Paul White, according to claimant, jumped onto the top of the desk and attempted to force the top down onto the legs. He testified that, approximately five minutes after White got off of the desk top, the top suddenly slipped into place mashing one-third of the distal phalanx of his left middle finger between the underside of the desk top and the point at which the legs fit into the top. Claimant further testified that, at the time his finger was injured, he was the only person holding on to the desk, that no one was sitting on the desk top when it came down, that no one was applying weight to the top of the desk, nor was anyone jiggling the desk at that time. He testified that he himself worked on the desk for approximately five minutes after Paul White had quit working on it, and was trying to bring the top down onto the legs when it suddenly slipped into place catching his finger.

No evidence was offered that the desk was faulty, or that respondent had any more reason to foresee this occurrence than did claimant.

Claimant contends that respondent was guilty of negligence in allowing White to jump onto the desk causing injury to claimant. It is obvious from claimant's own testimony that the injury was not caused by White's jumping onto the top of the desk.

There is no evidence that respondent negligently

caused this injury, and, inasmuch as respondent is not an insurer of claimant's safety, there is no basis under the law upon which this claim can be allowed.

We must, therefore, deny the claim.